UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT JILK,

        Plaintiff,

v.                                          Case No. 07-C-569

MATTHEW FRANK, et al.,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff Robert Jilk, an inmate in the Wisconsin prison system, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Fox Lake Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $8.96.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

According to the complaint, plaintiff suffers from bipolar disorder and was taking a medication called Lamictal. Upon admittance to the Milwaukee Secure Detention Facility (MSDF), a holding facility for probation/parole violators operated by the Wisconsin Department of Corrections (DOC), a DOC psychiatrist switched him to a generic equivalent of that drug as well as another bipolar medication called Effexor. The change in medications resulted in "low feelings," which made the plaintiff suicidal. The complaint alleges that he attempted suicide and was therefore moved to segregation. He also alleges that he was not seen by a staff psychiatrist until some nine days after being admitted.

Although the complaint alleges that the plaintiff received inadequate medical treatment in violation of the Eighth Amendment or Due Process Clause, I need not take the plaintiff's conclusory allegation at face value. Ultimately, all the complaint alleges is a disagreement with his prison psychiatrist about the proper course of treatment for bipolar disorder. The plaintiff wanted a certain specific medication, while the psychiatrist prescribed another. It is not alleged, in other words, that MSDF staff ignored his condition or withheld a clearly beneficial course of treatment. Instead, the complaint merely alleges that jail medical staff treated him with medication that produced results

3

less favorable than he hoped for – something that is actually quite common in medicine both in and out of prison.

In sum, the mere fact that treatment with the generic equivalent to Lamictal and another drug did not work is not enough to state a claim for deliberate indifference. Instead, the complaint must allege that the plaintiff's medical care was constitutionally substandard:

> "[t]he infliction [of punishment] must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir.1996). *Mere negligence or even gross negligence does not constitute deliberate indifference.*

*Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir. 1996) (italics added). Here, the complaint merely alleges that the prison psychiatrist may have been wrong about the best course of treatment the plaintiff should receive. There is no allegation (or hint) of anything more than a disagreement about medication, and a prisoner's own second-guessing of his medical providers does not suffice to state a claim under either the Eighth Amendment or Due Process Clause.[2] Finally, plaintiff's conclusory complaint that he was not seen by a psychiatrist for several days does not suffice to state a claim – the complaint itself states that he was moved to segregation once he became suicidal, and there is no indication that his care was neglected.[3] Because plaintiff has failed to set forth cognizable constitutional or federal claims, the case will be dismissed.

---

[2]The grievance plaintiff filed, which is attached to the complaint, makes clear that he is simply second-guessing the advice and conclusions of his medical providers. There is no claim, in other words, that they are deliberately causing him harm.

[3]It also appears plaintiff did not completely exhaust his administrative remedies since, according to his complaint, he filed a complaint with the Inmate Complaint Examiner, thereby satisfying only the first step in Wisconsin's Inmate Complaint Review System. *See* Wis. Adm. Code § 310.01.

4

**IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $341.04 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this __16th__ day of July, 2007.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge